UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ERIC SIMS,

                 Plaintiff,                          Case No. 2:23-cv-163

v.                                            Honorable Robert J. Jonker

UNKNOWN JARVIS,

                  Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court previously referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 3.) Early mediation was conducted on July 18, 2024, and the case did not settle. (ECF No. 10.) The Court, therefore, will enter an order lifting the stay and directing that collection of the filing fee begin.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      **Factual Allegations**

Plaintiff Eric Sims is currently incarcerated by the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events of which he complains occurred, however, during Plaintiff's prior incarceration at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Unknown Jarvis.

Plaintiff alleges that, as of February 21, 2022, he was housed in the Marquette Housing Unit, where Defendant Jarvis worked. (Compl., ECF No. 1, PageID.2.) On that date, Defendant Jarvis was at the officers' desk and told Plaintiff, "You are pretty." (*Id.*) Plaintiff responded, "What did you say?" (*Id.*) Defendant Jarvis repeated, "You are pretty." (*Id.*)

Later that same day, Defendant Jarvis approached Plaintiff and said, "I advise you not to say anything about [what] I said to you. I've never seen such a nice package on such a big man." (*Id.*) Plaintiff asked Defendant Jarvis to leave him alone. (*Id.*) Defendant Jarvis responded, "I'll leave you alone if you take a shower and let me watch." (*Id.*) Plaintiff told Defendant Jarvis he would not report the incident if Defendant Jarvis just left him alone and stopped. (*Id.*) Defendant Jarvis responded, "Just let me touch it." (*Id.*)

Later that day, Defendant Jarvis again approached Plaintiff and said, "You are pretty. I have been watching you go up and down those stairs all night. (*Id.*) Plaintiff told Defendant Jarvis to "step away" from him; Defendant Jarvis responded, "But you look so good." (*Id.*) Plaintiff contends these events were witnessed by two other inmates. (*Id.*) Plaintiff called the PREA hotline and reported the events.

Based on the foregoing, Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights, as well as the PREA itself. Plaintiff seeks a declaratory judgment, as well as damages. (*Id.*, PageID.3–4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Claim for Declaratory Relief

As noted above, Plaintiff seeks declaratory relief. Plaintiff, however, is no longer incarcerated URF, where he alleges Defendant Jarvis is employed and where the harm allegedly occurred. The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained). Consequently, the Court will dismiss Plaintiff's claim for declaratory relief.

### B.     Claims for Damages

#### 1.     Eighth Amendment Sexual Harassment Claim

As set forth above, Plaintiff contends that Defendant Jarvis made sexually suggestive remarks to him.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations

of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, the Sixth Circuit has recognized that "'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Id.* (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). The Court, therefore, must consider whether Defendant Jarvis's statements constitute sexual abuse or whether they were isolated, brief, and not severe instances of sexual harassment.

Several courts considering the same type of allegations Plaintiff makes here have concluded that they do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Moore v. Calderon,* No. 1:20-cv-00397-DAD-BAM (PC), 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (noting that officer's direction to female inmate to expose her breasts on one occasion was "highly inappropriate, deeply offensive and disrespectful, and would serve no legitimate penological objective" but did not give rise to an Eighth Amendment claim); *Patrick v. Hernandez*,

No. 2:17-cv-1206 MCE CKD P, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself and verbally encouraged plaintiff to expose himself); *Jones v. Fayette Cnty. Det. Ctr.*, No. 5:15-312-JMH, 2015 WL 6964276, at *2 (E.D. Ky. Nov. 10, 2015) (concluding that "Jones's allegation that Officer Johnson sexually harassed him by asking Jones to show him his penis on one occasion fails to state a claim of constitutional dimension"); *Murray v. Westbrooks*, No. 1:12-CV-133, 2013 WL 6668719, at *3 (E.D. Tenn. Dec. 18, 2013) ("Plaintiff claims Officer Bontrager asked to see his "pinnies." (Doc. 2). Courts have distinguished between a correctional officer's verbal sexual abuse of an inmate and actual sexual contact, finding that the former is not proscribed by the Eighth Amendment."); *Bonner v. Hall*, No. 3:11cv5/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (concluding that allegations that correctional officer asked to see inmate's penis, followed by the officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *report and recommendation adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012); *Spears v. Masters*, No. 2:07-cv-198, 2008 WL 111274, at *5 (W.D. Mich. Jan. 8, 2008) ("Plaintiff's claims that he was denied his tray on three occasions because of his refusal to show Defendant Masters his penis are also insufficient to constitute an Eighth Amendment violation.").

Here, the fact that Defendant Jarvis's comments did not involve touching is of some significance,[1] but a lack of physical contact does not foreclose a determination that the conduct

---

[1] *See, e.g.*, *Cole v. Fischer*, 379 F. App'x 40, 43 (2nd Cir. 2010) (noting that "[v]erbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983" (alterations in original) (citation omitted)); *Williams v. Wetzel*, 776 F. App'x 49, 53 (3rd Cir. 2019) (affirming the district court's determination that there was no Eighth Amendment violation because "[w]hile [Williams's] allegations may indicate that CO Graft made offensive comments . . . or acted inappropriately, the allegations do not involve any sexual contact between [Williams] and CO Graft" (alterations in original)); *Jackson v. Holley*, 666 F. App'x 242, 244 (4th

was sufficiently serious to rise to the level of an Eighth Amendment violation. In *Rafferty*, a

corrections officer repeatedly demanded that a female inmate expose her breasts and masturbate

---

Cir. 2016) (noting that "[a]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (citation and internal quotation marks omitted)); *Doe v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004) ("[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights") *Murray*, 1997 WL 34677 at *3 ("Murray alleges that numerous prison officials repeatedly have made offensive remarks to her with regard to her bodily appearance, her transsexualism, and her presumed sexual preference. The magistrate judge correctly held that verbal abuse cannot state an Eighth Amendment claim."); *Allen v. Wine*, 279 F. App'x 524, 530 (7th Cir. 2008) (explaining that "Allen's complaint alleges only sexual harassment consisting of words and gestures rather than any physical abuse. And while an allegation of sexual abuse of a prisoner would state a claim under the Eighth Amendment for cruel and unusual punishment, verbal harassment does not" (citation omitted)); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) ("We believe this sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain."); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (concluding that "[t]o hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd"); *Barney v. Pulsifer*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("Although plaintiffs allege Mr. Pulsipher subjected them to severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment. Plaintiffs' claims of verbal harassment are only actionable '[i]n combination' with the assaults." (citations omitted)); *In re Eric Watkins Litigation,* 829 F. App'x 428, 431 (11th Cir. 2020) ("Here, Watkins does not allege sexual abuse or any physical contact other than Azael's brief touching of his hand. And Azael's alleged conduct of directing demeaning homosexual comments and gestures at Watkins, though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments." (citation omitted)). Moreover, the Sixth Circuit has held that minor, isolated incidents of sexual touching coupled with offensive sexual remarks also do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that, where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

in his presence on multiple occasions. *Rafferty*, 915 F.3d at 1091. The officer argued that he had

not violated the Eighth Amendment because he had only used words, and he had not touched the

inmate. *Id*. at 1096. The court disagreed with that characterization, stating:

> Furthermore, the abuse alleged to have occurred in this case did not merely consist
> of words. It also entailed forced sexual acts. The fact that [the officer] effectuated
> this sexual abuse by ordering [the inmate] to expose her breasts and masturbate,
> rather than by touching [the inmate] himself, does not change the fact that [the
> inmate] was repeatedly required to engage in sexual acts against her will.

*Id*. The court specifically determined that "[the officer]'s sexual abuse was *not* 'isolated, brief, and

not severe." *Id*. at 1095.

Here, Defendant Jarvis's harassment of Plaintiff was entirely verbal and did not involve

touching. Moreover, Plaintiff alleges that the three occurrences of harassment occurred all on the

same day. While entirely inappropriate, the comments Plaintiff describes in his complaint are the

sort of isolated, brief, and not severe instances of sexual harassment that do not give rise to an

Eighth Amendment violation. In making this determination, the Court in no way downplays the

"mental anguish, shock[,] and embarrassment" that Plaintiff states he experienced. (Compl., ECF

No. 1, PageID.3.) Nevertheless, those feelings do not convert Defendant Jarvis's conduct into

conduct severe enough to rise to the level of an Eighth Amendment violation. Accordingly,

Plaintiff's Eighth Amendment claim against Defendant Jarvis will be dismissed.

### 2.	Fourteenth Amendment Claim

In his complaint, Plaintiff vaguely refers to "equal treatment," which the Court construes

as a reference to the Fourteenth Amendment's Equal Protection Clause. (Compl., ECF No. 1,

PageID.3.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not

"deny to any person within its jurisdiction the equal protection of the laws," which is essentially a

direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City*

*of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Plaintiff, however, wholly fails to allege facts suggesting that others who were similarly situated were treated differently than him. Indeed, Plaintiff does not even allege how Defendant Jarvis treated him unequally. Overall, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claim is wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated. Accordingly, Plaintiff's Fourteenth Amendment equal protection claim against Defendant Jarvis will be dismissed.

### 3. PREA Claims

Plaintiff suggests that he is asserting a claim against Defendant Jarvis pursuant to the PREA itself. (*See* Compl., ECF No. 1, PageID.1.) While Defendant Jarvis's alleged behavior was certainly unprofessional, Plaintiff "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4

(W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014))); *see also McCloud v. Prack*, 55 F. Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014) ("[N]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate." (quoting *Amaker v. Fischer*, No. 10-cv-977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014))); *Barhite v. Berghuis*, No. 1:14-cv-670, 2014 WL 4627166, at *5 (W.D. Mich. Sept. 15, 2014) ("Plaintiff's request is predicated on the assumption that the PREA provides him a cause of action for Defendants' alleged sexual assaults. It does not."). Accordingly, any intended claims pursuant to the PREA will be dismissed as well.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:      July 29, 2024                          /s/ Robert J. Jonker
                                                        Robert J. Jonker
                                                        United States District Judge